*In re* Jerome W. Barnard and another.

June 22, 1883.

**Insolvency—Proper County in which to Institute Proceedings.**—The creditors' petition provided for in section 2 of our insolvency act, (Laws 1881, c. 148,) should *regularly* be *made* to the district court, or the judge of the district court, of the county in which the debtor, or one of the debtors resides; or, in case no debtor resides in this state, then in any county in which any debtor has property subject to attachment or levy.

**Same—Effect of Proceeding in Wrong County—Remedy of Debtor— Change of Venue.**—But the *making* of a petition to the court or judge of a wrong county does not go to the jurisdiction of either over the subject-matter or the debtor.   When the petition is made to the wrong court or judge, the debtor, at the time appointed for the hearing of the petition, may apply to the court or judge before which or whom the proceeding is pending in a wrong county, to have it transferred to a proper county; and the application, if sustained by the facts appearing, must be granted as a matter of right.

**Same—Defects in Petition held not Jurisdictional.**—Failure to allege in
the petition that the debtor or one of the debtors resides in the county
where the petition is made, or, if not a resident of the state, that he has
property subject to levy on attachment therein, is no ground for a dis-
missal of the petition.

The creditors' petition in this proceeding under the insolvent law
of 1881 was addressed to the district court for Renville county, and
stated "that the above-named Jerome W. Barnard and Rosalia A.
Lewis are, and for more than twelve months last past have been, co-
partners, doing business at Bird Island in said county of Renville,
under the firm name of Barnard & Lewis," but it did not state the
residence of either of the debtors, or that they were non-residents of
the state.   An order to show cause having been made and served, the
respondents appeared specially and moved for a dismissal for want
of jurisdiction, as "it does not appear from the petition or any of the
papers on file that the said Barnard and said Lewis, or either of
them, lives or ever did live within the said county of Renville, or that
they or either of them are non-residents of the state and have prop-
erty within said county which is subject to attachment and levy."
The motion was granted by *Baldwin*, J., and the petitioners appeal
from the order of dismissal.

Section 5 of the act provides that "all actions or proceedings
brought under the provisions of this chapter shall be commenced in
the county where the debtor, debtors, or any one of them resides, if
a resident of this state; and, if not a resident of this state, such
action or proceeding may be brought in any county which the plain-
tiff shall designate in his complaint, or where such debtors, or any one
of them, has property subject to attachment or levy."

*M. O. Little* and *Warner & Stevens*, for appellants.

*James N. Granger* and *D. D. Williams*, for respondents.

BERRY, J.   Regularly the creditors' petition provided for in section
2 of our insolvency act (Laws 1881, *c.* 148,) should be *made* (to use
the statutory word) to the district court, or the judge of the district
court, of the county in which the debtor or one of the debtors resides;
or, in case no debtor resides in this state, then in any county in which
any debtor has property subject to attachment or levy.   But the

*making* of the petition to the district court or judge of a wrong county does not go to the jurisdiction of either over the subject-matter or the debtor. General jurisdiction of insolvency proceedings is committed to the district courts, and hence, when the petition is *made* to the court or judge of the wrong county, the case is not one in which there is a want of jurisdiction, any more than there is when an ordinary civil action is brought in the wrong county. See *Merrill* v. *Shaw*, 5 Minn. 113, (148.) But at the time appointed for the hearing upon the petition, the debtor may apply to the court or judge before which or whom the proceeding is pending in a wrong county, to have it transferred to a proper county, and the application, if sustained by the facts appearing, must be granted as a matter of right.

It must be admitted that there are difficulties in the way of this construction, but there are difficulties in the way of any other, and this appears to us best adapted to accomplish the substantial purposes of the insolvent act. By general consent this act has proved to be a measure of great practical utility, and for that reason it should be liberally administered. There is ordinarily no considerable difficulty in ascertaining the substantive results which the legislature had in mind in its enactment. But this is not the first occasion upon which this court has found it necessary to subject its imperfections in details of practice to vigorous construction.

It follows from what we have said that the making of the petition to the court or judge of a wrong county is not a jurisdictional defect, and therefore furnishes no sufficient ground for *dismissing* the petition; and, as the greater includes the less, it follows that failure to allege in the petition that the debtor or one of the debtors resides in the county where the petition is *made*, or, if not a resident of the state, that he has property subject to levy or attachment therein, is also not jurisdictional, and no ground for a dismissal of the petition. The order of dismissal is accordingly reversed, and the case remanded for further action.